UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLINE GATLIN,

    Plaintiff,

v.                                          CASE NO: 8:08-cv-263-T-23MSS

LIFE CARE CENTERS OF AMERICA, INC.,
OF TENNESSEE,

    Defendant.
_____/

**ORDER**

    The defendant removed this action (Doc. 1) asserting diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  The complaint seeks damages arising from bed sores the plaintiff allegedly suffered during a three-week stay at a nursing home operated by the defendant.  Because the defendant's notice of removal failed on its face to establish a basis for federal jurisdiction, a February 14, 2008, order (Doc. 5) directed the defendant to demonstrate as a matter of fact and law that this case should not be remanded because the amount in controversy fails to meet the minimum for diversity jurisdiction.  In response, the defendant states (Doc. 6) that because "there has been no discovery in either this case or the underlying state court case, this defendant is unable to file any evidence in this court that would establish that the plaintiff believes this case to have a value in excess of $75,000.00."  In short, the defendant offers and apparently knows nothing to justify an inference that the amount in controversy exceeds the jurisdictional minimum or to overcome "[t]he presumption against the exercise of federal

jurisdiction [requiring] that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

Accordingly, this case is **REMANDED** to state court.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Polk County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on February 29, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE